IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL CASE NO. |
| : | 1:13-CR-00186-SCJ |
| DEVANTE DAVIS, : | |
| : | |
| Defendant.  : | |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's November 1, 2016, Report and Recommendation ("R&R") (Doc. No. [210]), in which The Honorable Russell G. Vineyard, United States Magistrate Judge, recommended that Defendant Davis' pending motion to dismiss the superseding indictment be denied.

The Court incorporates by reference the facts and legal standards stated in the R&R.

As stated in the R&R (Doc. No. [210], p. 1), Defendant DeVante Davis ("Davis") is charged in a superseding indictment, along with co-defendants DeJuan Simmons ("Simmons"), Carlin Tibbs ("Tibbs"), and DeVante Barkley ("Barkley"), with one count of Hobbs Act conspiracy to commit robberies, two counts of Hobbs Act robbery of two McDonald's restaurants, both of which

occurred on December 27, 2012, and two counts of knowingly using a firearm in furtherance of these robberies, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii)-(iii), and 1951(a). See Doc. No. [40]. Davis has filed a motion to dismiss the superseding indictment, alleging a violation of his Sixth Amendment right to a speedy trial, (Doc. No. [163]), which the Government opposes, (Doc. No. [171]).

As stated above, the magistrate recommended that Defendant Davis' pending motion to dismiss the superseding indictment be denied.

On November 21, 2016, Defendant filed objections to the R&R. Doc. No. [219]. In his objections, the Defendant argues that "[t]he magistrate court incorrectly found that the government took reasonable and diligent steps to locate Mr. Davis and incorrectly found that the second Barker factor[1] does not weigh heavily against the Government." Doc. No. [219], p. 15.

When such objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After

---

[1] See Barker v. Wingo, 407 U.S. 514, 531 (1972) (setting forth four factors for deciding whether a defendant's constitutional right to a speedy trial has been violated as "the reason the government assigns to justify the delay."); and Doggett v. United States, 505 U.S. 647, 651 (1992) (setting forth the second Barker factor as "whether the government or the criminal defendant is more to blame for that delay").

conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.[2]

After *de novo* review, the Court accepts the magistrate's recommendation and overrules Defendant's objections.

## CONCLUSION

The Court hereby **ADOPTS** the magistrate's R&R (Doc. No. [210]) as the Order of the Court. Defendant's objections to the R&R (Doc. No. [219]) are hereby **OVERRULED**.

Defendant's Motion to Dismiss Based on Violation of Sixth Amendment Right to Speedy Trial (Doc. No. [163]) is hereby **DENIED**.

**IT IS SO ORDERED**, this  6th  day of February, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[2] The Court has also read the transcript of the magistrate's evidentiary hearing on the motion to dismiss. Cf. United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam) (holding that the district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation.").